JOHN J. KOTZE, PROSECUTOR, v. MONTCLAIR POLICE AND FIREMEN'S PENSION COMMISSION, RESPONDENT.

Submitted May 15, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *George S. Harris.*

Per Curiam.

This writ of *certiorari* brings up for review the action of the Montclair police and firemen's pension commission in dismissing prosecutor's petition for pension.

Prosecutor became a member of Washington Hose Company, No. 3, a volunteer fire company in the town of Montclair, in 1892. This company was a voluntary organization, incorporated under an act for the incorporation of fire companies as private organizations. He continued such membership until 1910, when the town of Montclair organized a call department, by ordinance dated February 28th, 1910. Prosecutor was not a member of such call department upon its organization. In 1911, he was designated as a member of such department and served therein, at a salary of $100 a year, until 1914, when a paid fire department was created and prosecutor became a member and served therein until May, 1922, when he resigned. From 1914 to 1922, he contributed to the pension fund. In 1920, the act under which claim is made was passed. Prosecutor did not file his petition for pension until July 14th, 1930. On August 14th, 1930, it was dismissed, without hearing, on the grounds (1) that prosecutor's service was not continuous; (2) that he was in laches in permitting eight years to elapse after resigning before filing his petition; and (3) that his total service was insufficient to support his claim.

1. Prosecutor's first ground for setting aside the conclusion of the pension commission is that he was not given a hearing on his petition. We do not deem it necessary to pass upon this question because the full facts are submitted and urged as reason for affirmance or reversal, and we, therefore, conclude that the matter should be determined upon its merits as both sides apparently desire.

2. Respondent urges that prosecutor is barred by laches. What was said above applies to this point, and we do not deem it necessary to pass upon this question.

3. Prosecutor urges that his service was sufficient to support his claim. The statute, chapter 160 (*Pamph. L.* 1920), provides as follows:

"In all municipailties of this state any policeman or fire-

man, or members of the police or fire departments, including all police officers having supervision or regulation of traffic upon county roads, who shall have honorably served in *such* police or fire department for a period of twenty years, and attained the age of fifty, shall, upon his own application, be retired on half pay."

It is objected that no service but that rendered in the paid department is to be counted, and that prosecutor can count but eight years of such service. Prosecutor was about fifty-three years of age when he resigned from the department.

Prosecutor insists that his service in the volunteer company and the call company are to be counted in computing his service as a basis for pension. With this contention we are unable to agree. The act relates to paid fire departments of municipalities and provides that twenty years of service "in such * * * department" is required as the basis for retirement with pension. We conclude that the service of prosecutor was not sufficient to support his claim for a pension.

In 1924, the legislature passed an amendment to the act in question, which provides that when a fire department had been created since 1920, firemen would be eligible for retirement, although not serving twenty years, provided (1) in such municipality firemen had been employed for regular twenty-four-hour duty for pay prior to the creation of the paid department; (2) that deductions from pay had been made for pension purposes; and (3) upon creation of the department such deductions were paid into the pension fund. This act does not apply to prosecutor, because his right must rest upon his status when he resigned from the department in 1922. The 1924 amendment evidently was passed, however, to bring within the provisions of the Pension act those who had not served for twenty years because the department had not been so long in existence, and, inferentially, sustains the view that the act of 1920 requires twenty years service in the paid department.

The conclusion reached upon the merits renders it unnecessary to consider any of the other questions raised.

The writ of *certiorari* is dismissed, with costs.